IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| vs. | § § § § § | CASE NO. 6:23-CR-00133-JDK |
| TINA JEAN BARRANDEY (1) | § § | |

## REPORT AND RECOMMENDATION
## ON REVOCATION OF SUPERVISED RELEASE

On January 31, 2024, the Court held a final revocation hearing on a Petition for Warrant or Summons for Offender under Supervision. The Government was represented by Assistant United States Attorney Robert Wells. Defendant was represented by Assistant Federal Defender Jonathan Hyatt.

*Background*

After pleading guilty to the offense of Conspiracy to Possess with Intent to Distribute and Distribution of 50 Grams or More of Actual Methamphetamine and/or 500 Grams or More of a Mixture or Substance Containing Methamphetamine, a Class A felony, Defendant Tina Jean Barrandey was sentenced on February 10, 2016 by United States District Judge Robert A. Junell, Western District of Texas. The offense carried a statutory maximum imprisonment term of life. The guideline imprisonment range, based on a total offense level of 27 and a criminal history category of VI, was 130 to 162 months. The Court sentenced Defendant to imprisonment for 110 months, followed by a 5-year term of supervised release subject to the standard conditions of release, plus special conditions to include abstain from all intoxicants, no firearms, maintain

1

employment, no contact with co-defendants, provide a signed release of information for medical records to the probation officer, provide copies of prescriptions within 48 hours of receipt to the probation officer, and not take any prescriptions that have not been directly prescribed to the defendant.

Defendant completed her term of imprisonment and started her term of supervised release on June 3, 2022. The Court modified Defendant's conditions on July 6, 2022 to include mental health treatment with medication monitoring. The Court modified Defendant's conditions again on December 13, 2023 to include 180 days in a residential reentry center. On January 19, 2024, jurisdiction as transferred to the Eastern District of Texas and the case was assigned to United States District Judge Jeremy D. Kernodle.

*Allegations*

In the Petition seeking to revoke Defendant's supervised release, filed on January 23, 2024, United States Probation Officer Laura Palafox alleges that Defendant violated the following conditions of supervised release:

1. **Allegation 1 (mandatory condition): The defendant shall not commit another federal, state, or local crime.** It is alleged that Defendant was arrested on December 13, 2023, in Kilgore, Texas, for Theft Less Than $100. Defendant was released from jail after paying a $550 fine and the charged was adjudicated when the fine was paid.

2. **Allegation 2 (standard condition #11): The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer** It is alleged that Defendant was arrested on December 13, 2023, in Kilgore, Texas, for Theft Less Than $100 and she failed to notify her probation officer within 72 hours of being arrested.

3. **Allegation 3 (standard condition #7): The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician.** It is alleged that Defendant admitted on April 10, 2023, that she used methamphetamine on or about April 1, 2023; failed to submit a drug test as directed on August 10, 2023; admitted on August 14, 2023, that she used methamphetamine on or about August 10, 2023; and submitted a urine specimen on

November 20, 2023 that tested positive for methamphetamine and marijuana, which was confirmed positive with lab results.

4. **Allegation 4 (special condition): The defendant shall submit to an evaluation for substance abuse or dependency treatment as directed by the probation officer, and if deemed necessary by the probation officer, the defendant shall participate in a program approved by the probation officer for treatment of narcotic addiction or drug or alcohol dependency which may include testing and examination to determine if the defendant has reverted to the use of drugs or alcohol. During treatment, the defendant shall abstain from the use of alcohol and any and all intoxicants. The defendant may be required to contribute to the cost of the services rendered (copayment) in an amount to be determined by the probation officer, based upon the defendant's ability to pay.** It is alleged that Defendant attempted to falsify her drug tests on August 14, 2023 and November 20, 2023.

*Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release. Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation. U.S.S.G. § 7B1.3(a)(1). In the present case, Defendant's original offense of conviction was a Class A felony. Accordingly, the maximum imprisonment sentence that may be imposed is 5 years. 18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated her conditions of supervised release by possessing methamphetamine as alleged in the petition, she is guilty of a Grade B violation. U.S.S.G. § 7B1.1(a). Defendant's original criminal history category was VI. The guidelines

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir. 1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir. 1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

provide that Defendant's guideline imprisonment range for a Grade B violation is 21 to 27 months. If the Court finds by a preponderance of the evidence that Defendant violated her conditions of supervised release by possessing marijuana, committing the offense of Theft Less Than $100, failing to notify the probation officer within 72 hours of contact with law enforcement, submitting urine specimens that tested positive for methamphetamine and marijuana, admitting to using methamphetamine, failing to submit a drug test, and attempting to falsify a drug test, as alleged in the petition, she is guilty of a Grade C violation. U.S.S.G. § 7B1.1(a). With Defendant's original criminal history category of VI, the guidelines provide that Defendant's guideline imprisonment range for a Grade C violation is 8 to 14 months.

### *Hearing*

On January 31, 2024, Defendant appeared for a final revocation hearing. Assistant United States Attorney Robert Wells announced that Defendant and the Government reached an agreement for Defendant to enter a plea of true to Allegation 3 of the petition and to jointly request a sentence of imprisonment for a term of 21 months with no further term of supervised release. After the Court explained to Defendant her right to a revocation hearing, she waived her right to a revocation hearing and entered a plea of "true" to Allegation 3 of the petition. Defendant requested a recommendation to the Bureau of Prisons to confine her at FCI Bryan.

### *Findings and Conclusions*

I find that Defendant is competent and that her plea and waiver of the revocation hearing was knowingly and voluntarily made. I accept Defendant's plea and find by a preponderance of the evidence that Allegation 3 of the petition is true. Defendant is guilty of a Grade B supervised release violation. I further find and conclude that Defendant's term of supervised release should be revoked and that she should be sentenced to imprisonment for a term of 21 months with no further term of supervised release. Any criminal history monetary penalties previously ordered in

the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

## RECOMMENDATION

In light of the foregoing, it is recommended that Defendant's plea of true to Allegation 3 of the petition be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**. It is further recommended that Defendant be sentenced to imprisonment for a term of 21 months with no further term of supervised release. Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances. It is finally recommended that the Court request the Bureau of Prisons to designate Defendant to FCI Bryan.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of her right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court. Defendant waived those rights and executed a written waiver in open court. The Government also waived its right to object to the Report and Recommendation. It is therefore recommended that the Court revoke Defendant's supervised release and enter a Judgment and Commitment for her to be sentenced to imprisonment for a term of 21 months with no further term of supervised release.

So ORDERED and SIGNED this 31st day of January, 2024.

*K. Nicole Mitchell*
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE